1  KENNETH A. FEINSWOG
2  kfeinswog@aol.com
   Bar No. 129562
3  400 Corporate Pointe, Suite 300
4  Culver City, California 90230
   Telephone:  (310) 846-5800
5  Facsimile:    (310) 846-5801

6
7  Attorney for Plaintiff

8
9            UNITED STATES DISTRICT COURT
             FOR THE CENTRAL DISTRICT
10                  OF CALIFORNIA

11
     ---------------------------------------------------X    **CIVIL ACTION NO.**
12   BRAVADO INTERNATIONAL GROUP
13   MERCHANDISING SERVICES, INC.,

14

15                    Plaintiff,              **COMPLAINT FOR**
                                              **TRADEMARK AND**
16                                            **RIGHT OF PUBLICITY**
17                                            **INFRINGEMENT AND**
                                              **UNFAIR COMPETITION**
18   JOYRICH, INC. d/b/a HALFMAN
19   ROMANTICS, EUN YOUNG LEE,
20   DOLLS KILL, INC. and BABAK
     FARAHI,
21

22                    Defendants.
23   ---------------------------------------------------X

24            **JURISDICTION AND VENUE**

25
26       1.    Plaintiff Bravado International Group Merchandising Services, Inc. is
27   a corporation duly organized under the laws of the State of California with a place
28   of business in Los Angeles, California.

                              1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.      Upon information and belief, at all relevant times herein, defendants Dolls Kill, Inc., Babak Farahi, Joyrich, Inc. d/b/a Halfman Romantics and Eun Young Lee have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect plaintiff, a California corporation, and/or would have an effect in the Central District of California.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331, 28 U.S.C. 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third and Fourth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4.      Kanye West, Drake, No Doubt, The Rolling Stones, Eminem, Mick Jagger, Metallica, James Hetfield and Justin Bieber (the "Musical Groups and Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5.      Plaintiff has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Groups and Performers throughout the United States pursuant to agreements between plaintiff and the Musical Performers that grant to plaintiff the exclusive right to sell products bearing said parties'

2

names, trademarks and likenesses and/or the right to commence lawsuits regarding infringement of their rights.

6.      Defendants are or were distributing, advertising and selling unauthorized shirts, backpacks, shorts, socks and/or other items embodying the names, trademarks and/or likenesses of the Musical Groups and Performers and/or marks associated with them including, but without limitation to, Yeezy or Yeezus for Kanye West, Drizzy for Drake, Bieber for Justin Bieber and the Rolling Stones Tongue Logo (collectively the "Infringing Merchandise") throughout the United States by various means of interstate transport and delivery in violation of the rights of plaintiff and the Musical Groups and Performers under the Lanham Act.

## **BACKGROUND**

7.      Each of the Musical Groups and Performers has achieved nationwide fame and notoriety.

8.      Since the dates as set forth below, each Musical Group and Performer has identified itself with the names and trademarks as set forth below.  Separately, and/or in conjunction with the likenesses of the individual members of the Musical Groups and Performers, the Musical Groups' and Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Groups and Performers from other parties.

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|---|---|
| The Rolling Stones - Tongue Logo | 1970 |
| Justin Bieber | 2008 |
| Eminem | 1996 |
| Kanye West | 2002 |
| Drake | 2006 |
| Mick Jagger | 1964 |
| Metallica | 1983 |
| James Hetfield | 1983 |
| No Doubt | 1998 |

9.     Each of the Musical Groups and Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of licensed merchandise bearing each party's respective names, trademarks and/or likenesses.  Defendants' sale of the Infringing Merchandise is and will be without permission or authority of plaintiff or any of the Musical Groups and Performers.

10.     Defendants' unlawful activity results in irreparable harm and injury to plaintiff and the Musical Groups and Performers in that, among other things, it deprives plaintiff and the Musical Groups and Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Groups' and Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of plaintiff and the Musical Groups and Performers.

1
2

**AS AND FOR A FIRST CAUSE OF ACTION**
**Violation of 15 U. S. C. 1125(a)**

3
4

11.     Plaintiff repeats and realleges paragraphs 1 through 10 of this

5

Complaint as if fully set forth herein.

6
7

12.     This cause arises under 15 U.S.C. 1125(a) relating to trademarks,

8

trade names and unfair competition and involves false designations in commerce.

9

10

13.     The names, trademarks and likenesses of the Musical Groups and

11

Performers and/or marks associated with them including, but without limitation to,

12

Yeezy or Yeezus for Kanye West, Drizzy for Drake, Bieber for Justin Bieber and

13

the Rolling Stones Tongue Logo, (hereinafter collectively sometimes referred to as

14

the "Musical Groups' and Performers' Marks") have been used as marks to

15

identify the respective Musical Groups and Performers and have been used in

16

connection with their performing services and the sale of various types of

17

merchandise throughout the United States.  As a result of same, the Musical

18

Groups' and Performers' Marks have developed and now have a secondary and

19

distinctive trademark meaning to purchasers of merchandise.

20

21

14.     Infringing Merchandise has been advertised and sold by defendants,

22

containing and/or using the names, trademarks, and/or likenesses of the Musical

23

Groups and Performers.  By misappropriating and using the Musical Groups' and

24

Performers' Marks in advertising and/or on the goods that defendants have sold,

25

defendants have misrepresented and falsely described to the general public the

26

origin and source of the Infringing Merchandise so as to create the likelihood of

27

28

5

confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15.     Defendants' advertising and sale of the Infringing Merchandise have infringed and will infringe upon and dilute the trademarks, names and likenesses of the Musical Groups and Performers.

16.     Defendants' advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Groups and Performers and the reputations which all of the Musical Groups and Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17.     Defendants' unlawful merchandising activities are without permission or authority of plaintiff or any of the Musical Groups and Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or the Musical Groups and Performers.

18.     Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19.     Plaintiff and the Musical Groups and Performers will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

20. As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

21. Plaintiff repeats and realleges paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22. Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt (including Gwen Stefani) and Justin Bieber are celebrated musical performers with a proprietary interest, inter alia, in the use in public of said parties' respective names and/or likenesses.

23. Upon information and belief, defendants have sold and distributed the Infringing Merchandise bearing the names and/or likenesses of Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber and/or have used said names and/or likenesses in advertising for defendants' goods.

24. Neither plaintiff nor Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber or any party acting on their behalf has given oral or written consent to defendants for the use of said names and/or likenesses on any items and/or in connection with advertising for any goods.

25. Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of

Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber on the Infringing Merchandise that they distribute or in advertising for any goods for their commercial benefit without the consent of plaintiff or said parties.

26.     As a result, defendants have deprived plaintiff and Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber of the right to control the time, place, terms and manner by which to publicize said parties' respective special talents.

27.     Plaintiff and Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

28.     As a result of defendants' activities, plaintiff and Kanye West, Drake, Eminem, Mick Jagger, James Hetfield, No Doubt and Justin Bieber have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

29.     Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30.     The marks used on the Infringing Merchandise are identical to the Musical Groups' and Performers' Marks and defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

8

31.    Defendants, by misappropriating and using the Musical Groups' and Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Groups' and Performers' marks.

32.    Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33.    Plaintiff and the Musical Groups and Performers will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

34.    As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

35.    Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36.    Defendants' unauthorized use of the Musical Groups' and Performers' names and/or likenesses constitutes common law right of publicity violations.

9

1
2
3
4

37.   Plaintiff and the Musical Groups and Performers will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

5
6
7
8

38.   As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

9
10
11

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Trademark Dilution Under 15 U.S.C. 1125(c)**

12
13
14
15

39.   Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

16
17
18
19
20
21

40.   By virtue of the Musical Groups' and Performers' long and continuous use of the Musical Groups' and Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

22
23
24
25
26
27
28

41.   Defendants' use of the Musical Groups' and Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Groups' and Performers' marks by lessening plaintiff's and the Musical Groups' and Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

1

2        42.    Plaintiff and the Musical Groups and Performers will have no

3   adequate remedy at law if defendants' activities are not enjoined and will suffer

4   irreparable harm and injury to their images and reputations as a result thereof.

5

6        43.    As a result of defendants' activities, plaintiff and the Musical Groups

7   and Performers have been damaged in an amount not yet determined or

8   ascertainable.

9

10                    **AS AND FOR A SIXTH CAUSE OF ACTION**
                        **Violation of 15 U.S.C. 1114**

11

12        44.    Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20,

13  22 through 28, 30 through 34, 36 through 38 and 40 through 43 of this Complaint

14  as if fully set forth herein.

15

16        45.    Plaintiff has been granted the exclusive license for clothing and other

17  items for the following trademark registered in the United States Patent and

18  Trademark Office:

19       **Trademark**                    **Registration No.**
20       Rolling Stones Tongue Logo     Registration No. 1,632,418
                                         International Class 25
21                                            For: shirts, jackets and other items
22

23                                       Registered: January 22, 1991

24        46.    Upon information and belief, defendants, with actual and constructive

25  notice of The Rolling Stone's prior use of the Rolling Stones Tongue Logo, have

26  utilized the Rolling Stones Tongue Logo on defendants' products.  Defendants

27

28

11

have sold said products by interstate transport and/or in a manner that affects interstate commerce.

47.     Defendants' use of the Rolling Stones Tongue Logo is likely to and is causing confusion, mistake and deception among customers and members of the public as to the source of origin of defendants' goods and is likely to deceive the public into believing that the merchandise being sold by defendants emanates from plaintiff and/or The Rolling Stones to the damage and detriment of plaintiff's and The Rolling Stones' good will, reputation and sales.  Such acts constitute willful violations of 15 U.S.C. 1114.

48.     Plaintiff and the Rolling Stones will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputation as a result thereof.

49.     As a result of defendants' activities, plaintiff and the Rolling Stones have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.     A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Groups and Performers or any one or more of them and/or any trademark associated with any of the Musical Groups and Performers and/or anything

1   confusingly similar thereto and/or any mark or designation that would cause

2   consumers to believe  that defendants' merchandise was sponsored and/or

3   authorized by plaintiff and/or any of the Musical Groups and Performers;

4

5       B.    A Permanent Injunction restraining, enjoining and prohibiting each of

6   the defendants from manufacturing, distributing, advertising or selling any and all

7   merchandise bearing the names, trademarks and/or the likenesses of any of the

8   Musical Groups and Performers or any one or more of them and/or any trademark

9   associated with any of the Musical Groups and Performers and/or anything

10  confusingly similar thereto and/or any mark or designation that would cause

11  consumers to believe defendants' that merchandise was sponsored and/or

12  authorized by plaintiff and/or any of the Musical Groups and Performers;

13

14

15      C.    Three times defendants' profits or three times the damages suffered by

16  plaintiff or the Musical Groups and Performers, whichever is greater, and

17  reasonable attorneys' fees and costs pursuant to the First and Fifth Causes of

18  Action;

19

20      D.    Defendants' profits and/or the damages suffered by plaintiff or the

21  Musical Groups and Performers and/or statutory damages of no less than $750.00

22  for each name and/or likeness that defendants have used on each different product

23  and/or in advertising plus punitive damages and attorneys' fees pursuant to

24  California Civil Code Sections 3344 and 3344.1 (the Second Cause of Action);

25

26      E.    Defendants' profits or damages suffered by plaintiff or the Musical

27  Groups and Performers, whichever is greater, plus punitive damages pursuant to

28  the Third and Fourth Causes of Action;

1      F.      Statutory damages and/or treble profits pursuant to 15 U.S.C. 1117

2   pursuant to the Sixth Cause of Action;

3

4      G.      An award of interest, including pre-judgment interest, on the

5   foregoing sums; and

6

7      H.      Such other and further relief that this Court deems to be just and

8   proper.

9

10

11   Dated:  April 20, 2015                    Respectfully submitted,
            Culver City, CA

12

13                                            By: s/Kenneth A. Feinswog
                                                  KENNETH A. FEINSWOG
14                                                Attorney for Plaintiff
                                                  400 Corporate Pointe, Suite 300
15                                                Culver City, CA 90230
                                                  Telephone: (310) 846-5800
16                                                Facsimile:   (310)-846-5801

17

18

19

20

21

22

23

24

25

26

27

28